986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Garry SAMMONS, Plaintiff-Appellant,
v.
Fred ALLENBRAND, Sheriff; Doctor Chartrand; John Doe,
Nursing Staff; Lt. Schwegman; Capt. White;
Capt. Johnston; Maj. Smith, Defendants-Appellees.
 No. 92-3373.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1993.
 
 Before TACHA, BALDOCK and PAUL KELLY, JR., CIRCUIT Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff Garry Sammons, an inmate housed at the Johnson County Adult Detention Center in Olathe, Kansas, appeals the district court's dismissal of his 42 U.S.C. § 1983 claim. Plaintiff alleged that Defendants violated his Eighth Amendment right against cruel and unusual punishment by intentionally denying him medical treatment and violated his Fourteenth Amendment procedural due process right by enacting a procedure by which non-physician members of the medical staff screen prisoners' medical treatment requests to determine whether examination by a physician is required. The district court sua sponte dismissed Plaintiff's complaint as frivolous. 28 U.S.C. § 1915(d). This court has jurisdiction under 28 U.S.C. § 1291, and we review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 2
 Pursuant to § 1915(d), a district court may dismiss a complaint sua sponte where it clearly appears the action is frivolous or malicious. Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir.1991). A claim is frivolous for purposes of § 1915(d) if it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Hall, 935 F.2d at 1109. Liberally construing Plaintiff's complaint, Haines v. Kerner, 404 U.S. 519 (1972), Plaintiff's allegations are no more than a disagreement with the medical treatment he received. In order to establish a claim of cruel and unusual punishment based on inadequate medical care, an inmate must demonstrate that prison officials are responsible for acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "[D]iagnostic techniques or forms of treatment" are matters for medical judgment and do not represent cruel and unusual punishment. Id. at 107. Thus, Plaintiff's Eighth Amendment claim is based on an indisputably meritless legal theory, and the district court's § 1915(d) dismissal was not an abuse of discretion.
 
 
 3
 Plaintiff's second claim--that he was denied procedural due process because prisoners' medical treatment requests are screened by the medical staff to determine if a prisoner requires treatment by a physician--was also properly dismissed as frivolous. Inmates do not have a constitutional right to a physician's attention for every submitted medical request; consequently, Plaintiff has no due process claim. See Vitek v. Jones, 445 U.S. 480, 487 (1980) (threshold question in procedural due process case is whether a constitutionally protected interest is implicated). Because Plaintiff's second claim is based on an indisputably meritless legal theory, the district court did not abuse its discretion in dismissing it under § 1915(d).
 
 
 4
 In the absence of a rational argument on the law or the facts, petitioner's request to proceed in forma pauperis is DENIED, see Neitzke, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(d), and the appeal is DISMISSED.
 
 
 5
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3